HEARD APRIL TERM, 1875.

## THE STATE *vs.* COLEMAN.

On a trial for murder, where all the circumstances of the homicide are disclosed by the evidence for the prosecution, it is error to charge the jury with the general rule that the law presumes malice from the mere fact of killing, such rule being inapplicable to the case as made by the proof.

BEFORE COOKE, J., AT ABBEVILLE, JUNE TERM, 1873.

This was an indictment against Jerry Coleman for the murder of Adam Hackett.

Two witnesses were examined for the prosecution. They testified that Adam Hackett was killed by the prisoner by striking him a blow with a stick on the back of the head, and in their examination in chief and cross-examination, all the circumstances connected with the killing, beginning with a quarrel between the parties, which commenced several hours before the blow was struck, were disclosed.

The jury found the prisoner guilty, and he appealed.

*Thomas & Noble*, for appellant.

*Blythe*, Solicitor, contra.

June 4, 1875. The opinion of the Court was delivered by

WILLARD, A. J. The prisoner was convicted of murder. The Circuit Judge charged as follows: "That all homicide is presumed to be malicious, and amounting to murder until the contrary

appears from circumstances of alleviation, excuse or justification; and that it is incumbent upon the prisoner to make out such circumstances to the satisfaction of the Court and jury, unless they arise out of the evidence produced against him."

The authorities undoubtedly support the proposition that the law presumes malice from the mere fact of homicide.—4 Black. Com., 201; *State* vs. *Toohey*, MSS. But this presumption is not applicable where the facts and circumstances attending the homicide are disclosed in evidence so as to draw a conclusion of malice or want of malice as one of fact from the evidence. Presumptions of this class are intended as substitutes in the absence of direct proofs, and are, in their nature, indirect and constructive. The best evidence of the state of mind attending any act is what was said and done by the person whose motive is sought for. The motive that impels to the taking of human life is no exception to this rule, and the importance of the consequences that depend on the accurate ascertainment of its nature in such cases affords the strongest ground for limiting indirect and constructive proofs to the narrow grounds within which they belong.

In the present case, the evidence disclosed the fact that the deceased came to his death by a blow, from a stick in the hands of the prisoner, falling upon the back of his neck. It appears from the record before us that the proofs embraced a statement of the origin of the difficulty between the parties; their conduct towards each other down to the time of the killing, and, to some extent, the subsequent conduct of the prisoner. When the evidence is of such a character, it must be presumed sufficient to enable the jury to draw from it a conclusion of fact one way or the other. Under such circumstances, there was no necessity, and, therefore, no propriety, in resorting to any general presumption arising by operation of law. If the evidence did not warrant the conclusion of malice, the jury should have so found, uninfluenced by any presumptions from the naked facts of a homicide. If an obscurity as to the motive of the party arose from the circumstances detailed in the evidence, it was not competent to resort to the presumptions in order to solve the obscurity.

It was material to the solution of the question of malice, as one of fact under the evidence, to ascertain whether the stick employed was a deadly weapon. In determining this fact, regard should be had to the character of the weapon, the mode of its use, and the

strength and position of the person against whom it was used. If, considering all these circumstances, death was a consequence reasonably to be apprehended, then the jury are warranted in drawing the inference of malice, if that inference be in harmony with the other proofs.

The size, form and weight of the stick and the amount of force employed by the prisoner in giving the blow do not appear by the record, but it is to be presumed that some evidence on these points was submitted to the jury.

The charge of the Judge, quoted above, failed to present to the jury the nature of their duties as to the issue of fact involved, and may have led them to conclude that they might disregard uncertainties in the evidence and place their conclusion on the ground of the legal presumptions alone. Although the charge allows them to seek for ground for rebutting such presumptions in the evidence of what took place, still it left their minds in a position to conclude that the benefit of a reasonable doubt arising from the evidence ought to be given to the State instead of the prisoner.

Where the circumstances preceding and attending an act of this character are full, as in the present case, the prisoner is entitled to the benefit of any doubt that may arise, and cannot be deprived of such benefit by any presumption of guilt arising by operation of law from the naked fact of a homicide. A charge may be erroneous, although the propositions of which it is composed may severally be conformable to recognized authority, if in its scope and bearing in the case it was likely to lead to a misconception of the law.

An objection was taken on the argument to the panel of grand and petit jurors; but it does not appear that such question was raised or an exception taken upon it in the Court below. We are not called upon to decide at the present time whether matters can be alleged as grounds of appeal in circumstances that were not the subject of exception in the Circuit Court, for under no circumstances would this Court pass upon a question that was not raised in the Circuit Court, where such question was not indispensable to the appeal. It appearing that the prisoner is entitled to a new trial on the ground of a misdirection, the object of the appeal is accomplished, and it is not essential that the question as to the legality of the panel should be considered.

There should be a new trial.

*Moses*, C. J., and *Wright*, A. J., concurred.